## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT APPOINTED RECEIVER FOR THE STANFORD RECEIVERSHIP ESTATE, and the OFFICIAL STANFORD INVESTORS COMMITTEE, | § § § § § § | |
| *Plaintiffs,* | § § | |
| V. | § § | Case No. 3:12-cv-00495-N-BL |
| ADAMS & REESE, LLP; BREAZEALE, SACHSE & WILSON, LLP; ROBERT SCHMIDT; JAMES AUSTIN; CLAUDE F. REYNAUD, JR.; CORDELL HAYMON; THOMAS FRAZER | § § § § § § § | |
| *Defendants.* | § | |

### DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT

Defendants Breazeale, Sachse & Wilson, LLP ("**BSW**") and Claude F. Reynaud, Jr. ("**Reynaud**") (collectively "**Defendants**") file this supplement to *Defendant Breazeale, Sachse & Wilson, LLP's Motion to Join, in Part, Defendant Cordell Haymon's Motion for Leave to Designate Responsible Third Parties and Brief in Support* (Doc. No. 82) and *Motion and Supporting Brief of Defendant, Claude F. Reynaud, Jr., to Join, in Part, Defendant Cordell Haymon's Motion for Leave to Designate Responsible Third Parties and Defendant Breazeale, Sachse & Wilson, LLP's Motion to Join, in Part, Defendant Cordell Haymon's Motion to*

DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT   – Page 1

2058689v1
02986.479

*Designate* (Doc. No. 84).  In filing this motion, Defendants are not waiving, and do not intend to waive, their position that Louisiana substantive law applies to all of Plaintiffs' claims.

Pursuant to Local Rule 5.1(c), Defendants have included their motion and brief in a single document.

## I.
## THE LEGAL STANDARD

Texas Civil Practices and Remedies Code § 33.004 provides that "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party."  Chapter 33 applies to tort claims, including claims for breach of fiduciary duty.[1]  Section 33.003 requires, in relevant part, that the trier of fact determine the percentage of responsibility for each responsible third party who "caus[ed] or contribut[ed] to cause in any way the harm for which recovery of damages is sought."  TEX. CIV. PRAC. & REM. CODE §§ 33.003(a)(1), 33.0011(6) (emphasis added).  To satisfy the requirements for designation as a responsible third party, "the proposed designee must only have contributed to causing in any way the harm for which the plaintiff seeks recovery."  *Access Mediquip L.L.C. v. UnitedHealth Grp. Inc.*, Civ. No. H-09-2965, 2010 WL 4702340, at *2 (S.D. Tex. Nov. 12, 2010) (emphasis in original) (citing *Flanagan v. Wells Fargo Fin. Nat'l Bank*, No. 4:09-cv-44, 2009 WL 2143439, at *3 (E.D. Tex. July 14, 2009)).[2]

---

[1] *See Villareal v. Wells Fargo Broker Servs., LLC*, 315 S.W.3d 109, 126-27 (Tex. App. – Houston [1st Dist.] 2010, no pet.) (applying § 33.004 to breach of fiduciary duty claim); *Douglas v. Aztec Petroleum Corp.*, 695 S.W.2d 312, 318 (Tex. App. – Tyler 1985, no writ) ("Breach of fiduciary duty is a tort.").

[2] Plaintiffs have argued that this Motion should be denied because Plaintiffs seek damages only for the injury done to Stanford Trust Company (Louisiana) ("**STC**") by its directors, and that they are not suing for that injury in the many other cases they have brought against the responsible third-parties named in this Motion.  That argument has no merit.  Whether or not Plaintiffs seek to recover for STC's injuries in other lawsuits is irrelevant to the present Motion; what matters is whether any of the named responsible third-parties caused or contributed to causing in any

---

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT**   – Page 2

2058689v1
02986.479

This Court has applied § 33.004 in diversity cases and in cases in which its subject matter jurisdiction was based on a federal question.  *See, e.g., Davis v. Dallas Cnty., Tex.*, 2007 WL 2301585, at *2 (N.D. Tex. Aug. 10, 2007) (federal question); *Estate of Dumas v. Walgreens Co.*, 2006 WL 3635426, at *1 (N.D. Tex. Dec. 6, 2006) (diversity).

Under Chapter § 33.004(f) and (g), the Court must grant leave to designate responsible third parties unless another party timely objects and establishes (1) that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements, and (2) that, having been granted leave to replead, the defendant fails to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements.

In the present case, it is *Plaintiffs' own pleadings* – in this action and in other related cases pending before this Court – that establish that other parties are responsible for the damages Plaintiffs allege.[3]  The United States Court of Appeals for the Fifth Circuit has repeatedly held that "factual assertions in pleadings are ... judicial admissions *conclusively* binding on the party that made them." *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992) (emphasis in original), *quoting Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987), *in turn quoting White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983). Furthermore, pleadings by the Committee and the Receiver in other cases are evidentiary admissions which may be used in this case. *See Muhs v. River Rats, Inc.*, 586 F.Supp.2d 1364,

---

way to STC's injuries.  Inasmuch as STC's injuries were the result of the Stanford Ponzi scheme and the collapse of the Stanford business empire, all of those who caused or contributed to that scheme and/or its collapse are properly designated as responsible third-parties.

[3] In other words, in order to defeat this Motion, Plaintiffs will have to prove that their own pleadings in this and related cases are insufficient to state a claim upon which relief can be granted.

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT     – Page 3**

1378 (S.D. Ga. 2008) (quoting MCCORMICK ON EVIDENCE § 257 at p. 186 (6th ed. 2006);

*see also Williams V. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir.) ("Pleadings in a prior

case may be used as evidentiary admissions."), *cert. denied*, 479 U.S. 992 (1986).

## II.
## PLAINTIFFS' CLAIMS AGAINST DEFENDANTS

Plaintiffs Ralph S. Janvey, in His Capacity as Court-Appointed Receiver for the Stanford

Receivership Estate and the Official Stanford Investors Committee's (collectively "Plaintiffs")

sue Reynaud for breach of fiduciary duty arising out of his service as an outside director of STC.

Plaintiffs sue BSW for respondeat superior for the alleged wrongful conduct of Reynaud.  For

the reasons set forth herein, Defendants move for leave to designate the persons and entities

listed below as responsible third-parties.

Plaintiffs allege that Reynaud breached his fiduciary duty to STC, as follows:

Specifically, the Director Defendants [of which Reynaud is a member] breached
their fiduciary duties to STC by continuously ignoring the numerous red flags
discussed in this Complaint and recklessly allowing STC and/or its affiliate SGC
[Stanford Group Company or "**SGC**"] to direct hundreds of millions of STC IRA
account funds into the worthless SIBL CDs [Stanford International Bank, Ltd.
Certificates of Deposit or "**SIBL CDs**"].  By ignoring these red flags and acting
without any knowledge of the activities and investments of SIBL, the Director
Defendants allowed STC to be dominated, controlled and exploited by SGC,
SIBL, and Stanford Financial generally, such that STC did not further its own
interests but rather served the interests of the Stanford Ponzi scheme to its own
detriment.  *See Plaintiffs' Third Amended Complaint* ("**TAC**") at ¶ 170.

Plaintiffs further allege that:

The Directors Defendants willful failure to have looked into the legitimacy of
SIBL allowed STC to be used as a pawn in Stanford's Ponzi scheme in derogation
of their fiduciary obligations to manage STC's affairs in a reasonably prudent
manner.  *Id.*

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO
MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE
RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT   – Page 4**

2058689v1
02986.479

Finally, Plaintiffs seek to hold BSW liable under a theory of respondeat superior for the alleged wrongful conduct of Reynaud. *Id.* at ¶ 171.

## III.
## RESPONSIBLE THIRD-PARTIES

### A.    Yolanda Suarez

According to the TAC, Yolanda Suarez ("Suarez") served as Stanford Financial's General Counsel and eventual Chief of Staff.  TAC at ¶ 74.  Plaintiffs allege that Suarez "was one of Allen Stanford's most trusted confidants and a critical cog in the Stanford Ponzi machine."  *Id.*  Plaintiffs further allege that Suarez drafted a "fictitious letter" from Antigua's Minister of Finance to the Louisiana Office of Financial Institutions ("**OFI**") – which Plaintiffs contend "tipped the scales in Stanford Financial's favor" in obtaining conditional approval of SGC's acquisition of the Southern Trust Company.  *Id.* at ¶¶ 79-80.

Plaintiffs have also sued Suarez in Civil Action No. 3:12-CV-04641-L; *Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford receivership estate, et al. v. Greenberg Traurig, LLP, et al.*; in the United States District Court for the Northern District of Texas.  In that action, Plaintiffs assert claims of negligence, aiding, abetting, or participation in breaches of fiduciary duty, breaches of fiduciary duty, and aiding, abetting, or participation in a fraudulent scheme against Suarez.  Plaintiffs allege that Suarez enabled "Stanford Financial to effectively operate free of governmental regulations and oversight and completely outside the law.  Accordingly, Suarez is a responsible third-party pursuant to Plaintiffs' pleadings.[4]

---

[4] Suarez is further being sued by the Receiver to recover the proceeds of SIBL CDs fraudulently transferred to her. *See* Civil Action No. 3:10-CV-02581-B-BG; *Ralph S. Janvey, in his capacity as court-appointed receiver for the Stanford International Bank, Ltd., et al. v. Yolanda Suarez*; in the United States District Court for the Northern District of Texas.

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT     – Page 5**

**B.      The United States Department of the Treasury Office of the Comptroller of Currency**

According to the TAC, the United States Department of the Treasury Office of the Comptroller of Currency ("**OCC**") issued advisories, including a 1989 Banking Circular (denominated OCC-171), regarding Guardian International Bank, Ltd's ("**Guardian Bank**") – the precursor to SIBL – unauthorized banking activities.  Plaintiffs allege that OCC-171 concerned "investigations by banking regulators in Texas, Florida, and California regarding Guardian Bank's potentially illegal, unlicensed bank offices in those states." *Id.* at ¶ 75. Plaintiffs further plead that "Stanford Financial was under constant investigation by . . . the OCC." *Id.* at ¶ 54.  Yet, OCC failed to identify and prosecute the Stanford Ponzi scheme as early as 1989.  Accordingly, OCC is a responsible third-party pursuant to Plaintiffs' pleadings.

**C.      The Government of Antigua and Barbuda**

Plaintiffs also allege that the Government of Antigua and Barbuda, including Prime Minister Lester Bird, played a crucial role in the implementation of the Stanford Ponzi scheme. In fact, Plaintiffs allege that "Stanford could not have perpetuated this fraud without his significant influence over the Antiguan Government.  To gain this influence, Stanford used bribes to curry favor with Antiguan officials and build a safe haven for his Ponzi scheme." *Id.* at ¶ 32.

> Lester Bird's government had basically allowed Stanford to "run things" in Antigua, and had been giving away Antiguan land to Stanford, including the Antiguan airport and contiguous land.
>
> By 1995, Stanford was really flexing his muscle in Antigua.  The government even allowed Stanford to rewrite the banking laws that regulated SIBL.  In June 1995, Stanford began drafting offshore trust legislation for Antigua because Antigua had no such legislation in existence (despite the fact that Stanford had set

DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT      – Page 6

2058689v1
02986.479

up a "trust" company, STCL, in Antigua in 1991). Stanford's right hand and General Counsel at the time, Yolanda Suarez ("Suarez"), described how Stanford needed trust legislation for Antigua because he wanted to "develop Antigua as a platform" for offshore trust operations.

*Id.* at ¶¶ 36-37.

Plaintiffs have also sued the Government of Antigua and Barbuda in Civil Action No. 3:13-CV-00760-N-BG; *The Official Stanford Investors Committee v. Antigua and Barbuda*; in the United States District Court for the Northern District of Texas.  In that action, Plaintiffs assert claims of fraudulent transfer, aiding, abetting, or participation in a fraudulent scheme, aiding, abetting, or participation in breaches of fiduciary duty, civil conspiracy, and aiding and abetting violation of the Texas Securities Act against Antigua and Barbuda.  Plaintiffs allege that Antigua and Barbuda "shielded [Mr. Stanford's] scheme from regulatory scrutiny and legal enforcement."  This allowed Mr. Stanford to legitimize the Stanford Ponzi scheme as early as 1990.  Accordingly, the Government of Antigua and Barbuda should be designated as a responsible third-party.

**D.      The Federal Bureau of Investigation**

According to the TAC, "Stanford Financial was under constant investigation by numerous federal agencies, including . . . [the] FBI." *Id.* at ¶ 54.  Plaintiffs plead that the Federal Bureau of Investigation ("**FBI**") had been investigating Stanford for "possible involvement in laundering drug money as far back as 1991." *Id.*  In another section, Plaintiffs plead that the FBI's investigation began as early as 1989. *Id.* at ¶ 55.  Plaintiffs also plead that "the FBI had even sent an agent to London as part of this [money laundering] investigation in September 1992."  Finally, Plaintiffs quote an FBI agent that "[t]here was a series of investigations" of

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT      – Page 7**

2058689v1
02986.479

Stanford, but that "none of them ever ended in indictments."  *Id.*  Because the FBI failed to identify and prosecute the Stanford Ponzi scheme as early as 1989, the FBI should be designated as a responsible third-party.

**E.      United States Customs and Border Protection**

According to the TAC, "Stanford Financial was under constant investigation by numerous federal agencies, including . . . U.S[.] Customs."  *Id.* at ¶ 54.  Plaintiffs plead that United States Customs and Border Protection ("**U.S. Customs**") had been investigating Stanford for "possible involvement in laundering drug money as far back as 1991."  *Id.*  Plaintiffs also plead that "[a]t one point, this investigation resulted in a U.S. Customs search of Stanford's private jet aircraft when he returned from the Caribbean."  *Id.*  Plaintiffs further plead that "U.S. Customs documents from this same period described Guardian Bank as having 'constant cash flow' from foreign depositors but 'no regulation of [the bank's] activities."  *Id.* at ¶ 55.  Finally, Plaintiffs plead that "U.S. Customs in San Antonio had taken an interest in the 'possible smuggling activities of principals in the Stanford organization."  Because U.S. Customs failed to identify and prosecute the Stanford Ponzi scheme as early as 1991, U.S. Customs should be designated as a responsible third-party.

**F.      The Securities and Exchange Commission**

According to the TAC, "Stanford Financial was under constant investigation by numerous federal agencies, including . . . [the] SEC."  *Id.* at ¶ 54.  Plaintiffs plead that the Securities and Exchange Commission ("**SEC**") began investigating Stanford Financial in 2005.  *Id.*  However, the SEC did not sue SIBL until February 17, 2009.  *Id.* at ¶ 72.

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT     – Page 8**

2058689v1
02986.479

In addition, the SEC registered SGC – whose "sole mission," according to Plaintiffs, was to sell "SIBL CDs [the investments that Plaintiffs claim were fraudulent] to American investors." *Id.* at ¶ 56.  Because the SEC failed to identify and prosecute the Stanford Ponzi scheme as early as 2005, and because the SEC provided SGC with its license to sell securities, including SIBL CDs, the SEC should be designated as a responsible third-party.

## G.     The Louisiana Office of Financial Institutions

According to the TAC, the Louisiana Office of Financial Institutions ("**OFI**") "supervises financial services companies operating in the state."  Plaintiffs plead that in order to "close its acquisition of the Southern Trust Company [the precursor to STC] . . . Stanford Financial needed the approval of [the OFI]."  *Id.* at ¶ 75.  Plaintiffs further plead that "STC would be regulated as a bank holding company and subject to the OFI's annual examinations just like the trust department of a commercial bank."  *Id.* at ¶ 77.  Despite the OFI's annual examinations of STC from 1999 to 2007 – the OFI failed to identify and prosecute the Stanford Ponzi scheme.

In addition, a group of investors who purchased SIBL CDs that were held at STC have sued the OFI in Louisiana state court for failing to properly regulate STC.  This lawsuit is styled Docket No. 581670; *Lillie, et al. v. Stanford Trust Company, et al.*; in the 19th Judicial District Court, Section 24, Parish of East Baton Rouge, Louisiana.  Upon information and belief, these investors are likely some of the same individuals purportedly represented by The Official Stanford Investors Committee in the instant lawsuit.  The Louisiana investors allege that the OFI "acted negligently, recklessly, or intentionally . . . to the sale of unregistered securities and securities with a high degree of risk."  The investors further allege that the OFI did "nothing to suspend the sale of the SIB CD's or inform or protect the purchasers of securities in the state of

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT     – Page 9**

2058689v1
02986.479

Louisiana." Accordingly, because the OFI failed to identify and prosecute the Stanford Ponzi scheme in its investigations, the OFI should be designated as a responsible third-party.

**IV.**
**PRAYER**

For the reasons set forth herein, Defendants respectfully request leave to designate Yolanda Suarez, The United States Department of the Treasury Office of the Comptroller of Currency, The Government of Antigua and Barbuda, The Federal Bureau of Investigation, United States Customs and Border Protection, The Securities and Exchange Commission, and the Louisiana Office of Financial Institutions as responsible third-parties pursuant to Texas Civil Practices and Remedies Code § 33.004.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Thomas A. Culpepper
      THOMAS A. CULPEPPER
      State Bar No. 05215650
      STEPHEN C. RICHMAN
      State Bar No. 24074952

700 N. Pearl Street – 25th Floor
Dallas, Texas 75201-2832
Telephone:    214.871.8200
Facsimile:     214.871.8209
Email:         tculpepper@thompsoncoe.com
Email:         srichman@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**BREAZEALE, SACHSE & WILSON, LLP**

and

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT    – Page 10**

2058689v1
02986.479

By:  /s/ Carrie Johnson Phaneuf
      WILLIAM D. COBB, JR.
      Texas Bar No. 04444150
      CARRIE JOHNSON PHANEUF
      Texas Bar No. 24003790

COBB MARTINEZ WOODWARD PLLC

1700 Pacific Avenue, Suite 3100
Dallas, Texas 75201
Telephone:    214.220.5206
Facsimile:    214.220.5256
Email:       wcobb@cobbmartinez.com
Email:       cphaneuf@cobbmartinez.com

and

By:  /s/ Bruce A. McKenna
      BRUCE A. MCKENNA
      Admitted *Pro Hac Vice*

MCKENNA & PRESCOTT, PLLC

5801 E. 41st Street, Suite 501
Tulsa, Oklahoma 74135
Telephone:   918.935.2085
Facsimile:   918.935.2086
Email:       bmckenna@mpoklaw.com

**COUNSEL FOR DEFENDANT
CLAUDE F. REYNAUD, JR.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on August 11, 2014, the undersigned conferred with counsel for Plaintiffs regarding the relief requested in this motion.  Plaintiffs' counsel stated that he did not agree to the requested relief, so this motion is presented to the Court for determination.

/s/ Stephen C. Richman
Stephen C. Richman

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT     – Page 11**

## <u>CERTIFICATE OF SERVICE</u>

On August 11, 2014, I electronically submitted the foregoing document with the Clerk of the Court of the U.S. District Court, Northern District of Texas, using the electronic case filing (ECF) system of the Court.  I hereby certify that I will serve all parties individually or through their counsel of record, electronically, or by other means authorized by the Court or the Federal Rules of Civil Procedure.

/s/ Thomas A. Culpepper
Thomas A. Culpepper
Stephen C. Richman

**DEFENDANTS BREAZEALE, SACHSE & WILSON, LLP AND CLAUDE F. REYNAUD, JR.'S SUPPLEMENT TO MOTIONS TO JOIN, IN PART, DEFENDANT CORDELL HAYMON'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTIES AND BRIEF IN SUPPORT   – Page 12**