IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, *et al.*, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | Civil Action No. 3:12-CV-0495-N | |
| § | | |
| ADAMS & REESE, LLP, *et al.*, § | | |
| § | | |
| Defendants. § | | |

### ORDER

This order addresses Plaintiffs Ralph S. Janvey ("the Receiver") and the Official Stanford Investors Committee's ("OSIC") motion to substitute parties [69], and Lynette B. Frazer's motion to quash for insufficient service of process [73]. For the reasons that follow, the Court grants both parties' motions.

### I. THE ORIGINS OF THE MOTIONS

This case relates to the Securities and Exchange Commission's (the "SEC") ongoing securities fraud action against R. Allen Stanford, his associates, and various entities under Stanford's control (collectively, "Stanford"). As part of that litigation, this Court assumed exclusive jurisdiction and took possession of the "Receivership Assets" and "Receivership Records" (collectively, the "Receivership Estate"). *See* Second Am. Order Appointing Receiver, July 19, 2010 [1130] (the "Receivership Order"), *in SEC v. Stanford Int'l Bank*, Civil Action No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009). The Court appointed Ralph S. Janvey to serve as Receiver of the Receivership Estate and vested him with "the full

power of an equity receiver under common law as well as such powers as are enumerated" in the Receivership Order. *Id.* at 3. Among these enumerated powers, the Court "authorized [the Receiver] to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate." *Id.* at 4. Additionally, the Court "specifically directed and authorized [the Receiver] to . . . [c]ollect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated," *id.*, and to file in this Court "such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate," *id.* at 5.

Pursuant to those powers, the Receiver, along with the Official Stanford Investors Committee ("OSIC") (collectively, "Plaintiffs") filed this suit against former directors of the Stanford Trust Company ("STC"), a Louisiana bank that at one time held $300 million in fraudulent Stanford International Bank ("SIB") certificates of deposit ("CDs"). Among the former directors sued was Thomas L. Frazer, against whom Plaintiffs brought claims for breach of fiduciary duty, aiding and abetting various torts, and civil conspiracy.

On July 4, 2012, Thomas Frazer died. His former counsel filed a notice of death [36] on July 9, 2012. On September 11, 2013, the Court granted in part certain Defendants' motions to dismiss [58], but Plaintiffs' claims remained pending against Frazer. On

December 12, 2013, Plaintiffs filed a motion to substitute Frazer's wife, Lynette B. Frazer, as a Defendant in this action. Ms. Frazer in turn moved to quash Plaintiffs' motion for insufficient process, insufficient service of process, and futility. Because the Court finds substitution proper under Federal Rule of Civil Procedure 25(a), the Court grants Plaintiffs' motion to substitute Ms. Frazer as a defendant. However, because Plaintiffs failed to effect proper service on Ms. Frazer, the Court grants her motion to quash and orders the Receiver to effect proper service within ninety [90] days.

## II.  THE COURT GRANTS PLAINTIFFS' MOTION TO SUBSTITUTE

Federal Rule of Civil Procedure 25(a) governs substitution of a third party for another in the event of death. Rule 25(a) provides:

> ***Substitution if the Claim is Not Extinguished.***  If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1)

The parties do not dispute that Plaintiffs' claims against Mr. Frazer were not extinguished at his death. Rather, Ms. Frazer argues that (1) she is an improper party for substitution under Rule 25, (2) Plaintiffs' motion was untimely filed over ninety days after Mr. Frazer's death, (3) substitution would be futile because the Court lacks personal jurisdiction, and (4) substitution would be futile because the Court lacks proper venue. The

Court finds these arguments without merit and accordingly grants Plaintiffs' motion to substitute.

### A.  Ms. Frazer Is A Proper Party Under Rule 25

Rule 25 specifies that the court may order substitution of the "*proper* party" in the event of death, *id.* (emphasis added), but does not specify which parties are proper.  Courts have generally interpreted Rule 25 to provide for substitution only of the decedent's legal representatives.  See 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER ET AL., FEDERAL PRACTICE AND PROCEDURE § 1956 (citing *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952)).  However, a number of courts have read the liberalization of the Rule in 1963 amendments to broaden the scope of parties that can be seen as legal representatives and thus proper parties.  *See, e.g.*, *In re. Baycol Prod. Litig.*, 616 F.3d 778, 788 (8th Cir. 2010) (holding that where there is no appointed representative, courts should consider whether the party to be substituted is capable of representing the decedent's interests); *Sintio v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("[T]he addition of the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of a deceased party's estate.").

Within this broadened reading of the rule, many courts have come to include distributees as proper parties for substitution under Rule 25(a).  *See In re. Baycol*, 616 F.3d at 784 (holding a person may be a successor for Rule 25 purposes if she is the primary beneficiary of an already distributed estate or if she is named in a will as executor, even if the will is not probated); *McSurely v. McClellan*, 753 F.2d 88, 99 (D.C. Cir. 1985); *Rende*

*v. Kay*, 415 F.2d 983, 985 (D.C. Cir. 1969) (Rule 25 reference to 'successor' permits substitution of distributee of an already distributed estate); *Washington v. Louisiana*, 2013 WL 4048561, at *2 (M.D. La. 2013) (citing *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004); *Ashley v. Illinois Cent. Gulf R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) ("*Unless the estate of a deceased party has been distributed at the time of the making of the motion for substitution*, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased." (emphasis added)). There is therefore substantial support for interpreting Rule 25 to include primary distributees as proper parties for substitution.

Ms. Frazer's argument that state law must determine the proper party for substitution fails. First, a number of courts interpreting Rule 25 to include distributees within the term "successors" have done so without any reference to state law. *E.g.*, *McSurely*, 753 F.2d at 98-99. It is therefore not clear whether the Court need look to state law at all in attempting to define "successor." However, to the extent courts have considered state law, *see In re. Baycol*, 616 F.3d at 787-89, Louisiana law defining succession for the purposes of substitution includes Ms. Frazer as a "successor" of Mr. Frazer. LA. CODE. CIV. PROC. art. 801(2) (defining "legal successor" to mean "the heirs and legatees of the deceased, if the deceased's succession is not under administration"). Ms. Frazer is thus a proper party to be substituted under both federal and Louisiana law.

The Court also rejects Ms. Frazer's objections to the unfairness of her substitution. As noted by Plaintiffs, the purpose of Rule 25 is to protect the decedent party's estate, not

the party to be substituted. It is therefore designed to restrict substitution to parties who will adequately represent the estate. *See In re. Baycol*, 616 F.3d at 788 ("[T]he purpose of Rule 25(a)(1) is to protect the estate of the decedent[.]"). Ms. Frazer is to be substituted only as the representative of Mr. Frazer's estate, not in her individual capacity. The Court thus finds her fairness objections without merit.

### *B. Plaintiff's Motion Was Timely Filed*

Rule 25(a)(1) provides that "if the motion [to substitute] is not made within 90 days after service of a statement noting the death, the actions by or against the decedent must be dismissed." FED. R. CIV. P. 25(a)(1). Courts are rigid in their requirements for an appropriate notice of death. A number of courts have held that once a party has passed away, his lawyer no longer has standing to file a notice of death that will trigger the ninety-day limitations period. 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1955 (3d ed. 2014); *see, e.g.*, *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) ("The attorney's agency to act ceases with the death of his client[.]"); *Rende*, 415 F.2d at 985 ("Although the attorney for the defendant was retained to 'represent' the deceased as his counsel, he is not a person who could be made a party, and is not a 'representative of the deceased party' in the sense contemplated by Rule 25(a)(1)."); *Behler v. Nautical Offshore*, 2004 WL 2491612, at *1 (E.D. La. 2004); *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993); *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1518 (D. Kan. 1991).

Here, Mr. Frazer's former counsel filed the notice of death. The Court holds that such notice was insufficient to start the ninety-day substitution period under Rule 25. Ms. Frazer's

argument that Mr. Frazer's attorneys continued to represent other Defendants in the case and thus were still eligible to file the notice of death is unavailing. The question is instead whether the attorney filing the notice is a "successor [or] representative *of the deceased*[.]" *Rende*, 415 F.2d at 986 (emphasis added). The Court therefore holds that the ninety-day substitution filing period did not begin to run as a sufficient notice of death was never filed. Accordingly, Plaintiffs' motion is not untimely.

### C. Plaintiffs' Motion Is Not Futile

*1. The Court Has Personal Jurisdiction over Ms. Frazer*. – "In order for a court to validly exercise personal jurisdiction over a non-resident defendant: (1) a statute must authorize service of process on the nonresident defendant; and (2) the service of process must comport with the Due Process Clause." *Rolls-Royce Corp. v. Heroes, Inc.*, 576 F. Supp. 2d 765, 778-79 (N.D. Tex. 2008) (quoting *In re Celotex Corp.*, 124 F.3d 619, 627 (4th Cir. 1997)). Here, the receivership statute provides for nationwide service of process. *See* 28 U.S.C. §§ 754, 1692. Thus, the Court need consider only whether service of process would comport with due process.[1]

Due process requires that (1) the defendant purposefully availed herself of the benefits and protections of the forum by establishing "minimum contacts" with the forum; and (2) the exercise of personal jurisdiction does not offend "traditional notions of fair play and substantial justice." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615

---

[1] As will be discussed *infra*, Plaintiffs' attempted service here was defective. For the purposes of the futility argument, the Court considers only whether service *could* comport with due process.

F.3d 364, 367 (5th Cir. 2010). Typically, the minimum contacts required to comport with due process are contacts with the forum state. *See, e.g.*, *id.* However, "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Busch v. Buchman, Buchman & O'Brien Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994); *accord Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 826 (5th Cir. 1996) (acknowledging disagreement with *Busch*, but "dutifully apply[ing]" it); *Janvey v. Alguire*, 846 F. Supp. 2d 662, 669 (N.D. Tex. 2011) ("[S]ection 754 serves 'as a stepping stone on [a court's] way to exercising *in personam* jurisdiction' over those persons having custody or control over the property at issue." (alteration in original) (quoting *SEC v. Vision Commc'ns, Inc.*, 74 F.3d 287, 290 (D.C. Cir. 1996)).[2]

Here, Ms. Frazer lives within the United States. She therefore has sufficient minimum contacts with the relevant jurisdiction such that exercising personal jurisdiction over her

---

[2] Ms. Frazer argues that the "stepping stone" theory of personal jurisdiction applied in other receivership actions should not apply here because the Receiver's claims against her late husband were based on negligence as a director of STC, not on his receipt of Stanford assets. This argument is based on a misunderstanding of the Receiver's role. In this and other Stanford actions, the Receiver stands in the shoes of the Stanford entities. *See, e.g.*, *Janvey v. Democratic Senatorial Campaign Comm.*, 712 F.3d 185, 192-93 (5th Cir. 2013). Thus, in this action, the Receiver's breach of fiduciary duty claims against Mr. Frazer are brought on behalf of STC. To the extent that the Receiver succeeds in asserting the claims, any damages assessed against Mr. Frazer represent the difference in value between the services Mr. Frazer actually rendered, and the legitimate services to which STC was entitled. Ultimately, then, the damages the Receiver seeks in this action represents "money now or hereafter due or owing to the Receivership Estate." Receivership Order 4.

comports with due process. As long as the Receiver properly serves Ms. Frazer, "the Due Process Clause is satisfied because [Ms. Frazer] has minimum contacts with the United States as a whole." *S.E.C. v. Ross*, 504 F.3d 1130, 1146 (9th Cir. 2007).

Because the Court concludes Ms. Frazer has minimum contacts with the relevant jurisdiction, "the burden shifts to [Ms. Frazer] to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). Ms. Frazer must make a "compelling case" against the assertion of jurisdiction. *Id.* (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)). The Court balances (1) the burden on the defendant having to litigate in the forum; (2) the forum state's interests in the lawsuit; (3) the plaintiff's interests in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering fundamental social policies. *Brandt*, 195 F.3d at 215.

The Court finds that the balance of interests weighs in favor of asserting jurisdiction. Ms. Frazer contends that litigating in this forum would present her with a financial and geographical burden, that relevant evidence and witnesses are located in Louisiana, and that Texas lacks an interest in the Receiver's claims against Mr. Frazer. While the Court recognizes and sympathizes with the burden that will fall on Ms. Frazer in litigating this action, it does not outweigh the myriad of other factors weighing in favor of jurisdiction. Although Texas itself may not have a particularly large interest in the litigation of this matter, this Court, vested with control over the Receivership and all its various actions, has an interest superior to that of any other court where this action might be litigated. The

Receiver's interest in convenient and effective relief here too is also weighty. Tasked with the reclamation of the vast assets lost through Stanford's misconduct, he must be afforded with the opportunity to litigate these actions in a single, convenient forum. The judicial system shares that interest, as evidenced by Congress's enactment of 28 U.S.C. §§ 754 and 1692. Accordingly, while Ms. Frazer's hardship is not to be understated, the Court holds that it is outweighed by other factors. Personal jurisdiction does not render the Receiver's motion to substitute futile.

*2. Venue Is Proper In This Court.* – Ms. Frazer also argues that the Receiver's motion is futile because venue would be improper in this Court under 28 U.S.C. § 1391. The Court finds this argument without merit. The Court has already held that as to Receivership actions, venue is proper in this Court under 28 U.S.C. § 752. *See* July 11, 2013 Order 5-6 [44], *in Janvey v. Univ. of Miami*, No. 3:11-CV-00041 (N.D. Tex. filed Jan. 6, 2011); *Alguire*, 846 F. Supp. 2d at 669 n.5; *see also SEC v. Bilzerian*, 378 F.3d 1100, 1107 (D.C. Cir. 2004); *Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995). Ms. Frazer offers no compelling reason to revisit this and other courts' determinations that section 754 lays venue in the court with control over the receivership estate. Venue is no impediment to the Receiver's motion to substitute Ms. Frazer.

Having determined that Ms. Frazer is a proper party to be substituted under Rule 25, and that the Receiver's motion is not futile, the Court grants the Receiver's motion to substitute Ms. Frazer as the primary beneficiary of her husband's estate.

### III. THE COURT GRANTS MS. FRAZER'S MOTION TO QUASH

### *A. The Receiver's Service Was Defective Under Rule 12(b)(5)*

Federal Rule of Civil Procedure 4(e) allows proper service to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e). By the plain language of the rule, the Receiver may serve Ms. Frazer by complying with either the Louisiana or Texas rules for service.

The Receiver asserts he effected proper service under Texas Rule of Civil Procedure 106, which permits service "by registered or certified mail, return receipt requested." TEX. R. CIV. P. 106(a)(2). However, the Receiver failed to provide sufficient proof of service. *See* TEX. R. CIV. P. 107(c) ("When the citation was served by registered mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature."); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 633 (N.D. Tex. 2007). The Receiver's attempted proof of service includes only a certificate of mailing and an assertion that his notice should be presumed delivered because it was mailed. Pl.'s Resp. 2-3 [76]. This is insufficient to establish proof of service under Texas Rules of Civil Procedure 106 and 107. Accordingly, the Court holds the Receiver's service of process was defective under Federal Rule of Civil Procedure 12(b)(5) and grants Ms. Frazer's motion to quash.[3]

---

[3]Ms. Frazer also objected to service under Rule 12(b)(4) because the Receiver served her in her capacity as executrix. Def.'s Mot. Quash 4-6. The Court finds this objection without merit because the Receiver also moved to substitute Ms. Frazer in her capacity as distributee of Mr. Frazer's estate. Pl.'s Mot. Substitute ¶ 8.

## CONCLUSION

The Court finds the Receiver's service on Ms. Frazer defective and orders it quashed. However, because Ms. Frazer is a proper party to be substituted under Rule 25, and substitution would not be futile, the Court grants the Receiver's motion to substitute, pending proper service on Ms. Frazer. The Court orders the Receiver to effect proper service within ninety (90) days of this Order.

Signed October 3, 2014.

_____
David C. Godbey
United States District Judge